**Larry SNEED, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 24, 1996.

Permission to Appeal Denied by Supreme Court March 10, 1997.

Larry Sneed, Columbia, pro se.

Charles W. Burson, Attorney General and Reporter, Clinton J. Morgan, Counsel for the State, Nashville, Mike Bottoms, District Attorney General, Robert Sanders, Asst. District Attorney General, Columbia, for Appellee.

## *OPINION*

PEAY, Judge.

The petitioner pled guilty to eleven counts of passing worthless checks; one count of theft; and one count of vandalism. On the State's recommendation, the trial court sentenced the petitioner to eleven months and twenty-nine days on each of the first four counts of passing worthless checks; two years on each of the remaining seven counts of passing worthless checks; four years on the theft charge; and six months on the vandalism charge; all sentences to run concurrently with each other and with a five year sentence imposed in another case.

The petitioner filed a petition for post-conviction relief, challenging the validity of his guilty plea. The court below dismissed this petition after a hearing. In this appeal as of right, the petitioner continues to challenge his guilty plea and further claims that the court below erred by not making written findings of fact and conclusions of law in conjunction with its dismissal of the petitioner's claim for relief.

■ "In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." *McBee v. State*, 655 S.W.2d 191, 195 (Tenn.Crim.App.1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." *State v. Buford*, 666 S.W.2d 473, 475 (Tenn.Crim.App.1983).

With respect to his guilty plea, the petitioner specifically contends that the trial court erred when it failed to advise him that his convictions in this matter could be used to enhance punishment for subsequent offenses; failed to ensure that he understood the charges to which he was pleading guilty; failed to ensure that he knew the minimum and maximum penalties for the charges to which he was pleading guilty; and failed to establish a factual basis for the plea. He also complains that the prosecution coerced him into pleading guilty.

■ We first note that post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment in any way of any right guaranteed by the constitution of this state or the Constitution of the United States[.]" T.C.A. § 40–30–105 (1990 Repl.) (repealed 1995). As pointed out by the State, the petitioner's complaint that the trial court did not inform him that his convictions could be used to enhance his punishment for subsequent offenses "is not constitutionally based." *Coker v. State*, 911 S.W.2d 357, 363 (Tenn.Crim. App.1995). Accordingly, post-conviction relief is not available on this basis. *Id.* Similarly, that the trial court did not explain the minimum and maximum sentences on these charges to the petitioner does not state a

claim for relief under the post-conviction act. *Bryan v. State*, 848 S.W.2d 72, 75 (Tenn. Crim.App.1992). Likewise, the lack of a sufficient factual basis is not a constitutional violation for which post-conviction relief may be granted. *Kenneth Knox Gaddis v. State*, No. 03C01–9303–CR–00064, Hamilton County, 1993 WL 542509 (filed January 4, 1994, at Knoxville).

■ With respect to the petitioner's claim of coercion, the only proof he offered was his statement that he had been

> coerced or intimidated into entering the pleas on two different instances. One, the Assistant Attorney General [sic] advised me, through my counsel, that I would only serve about 12% of the time. I relied on this in entering my plea.
>
> I was also given a deadline to enter a plea which was March 17th which was nine days. I was incarcerated in Nashville at the time and had no opportunity to speak to my attorney. I called on two or three occasions and the only opportunity I had to speak with my attorney prior to the plea was approximately two minutes outside the courtroom.

However, at the guilty plea hearing, the trial court had asked the petitioner, "Has anyone threatened you or promised you anything in order to get you to [plead guilty]?" The petitioner had replied, "No, sir." Since the same judge took the guilty plea and presided over the post-conviction evidentiary hearing, the court below was in a proper position to consider the petitioner's credibility at both appearances. Obviously, it gave greater credence to the petitioner's response during the plea than to his subsequent claim of coercion. The evidence does not preponderate against this implicit finding of fact. This issue is *without merit*.

■ As to the petitioner's claim that the trial court did not ensure that he understood the charges against him, the record of the guilty plea reveals that the court recited all of the pending charges and then asked the petitioner, "Do you understand all those charges?" The petitioner replied, "Yes, sir." No further discussion was had about what constituted the indicted offenses. Moreover, the petitioner's attorney and the State agreed by stipulation that there was a factual basis for the guilty plea. Thus, the State did not recite on the record what the petitioner had done which constituted that factual basis.

■ "Adequate notice of the nature of the charges is a constitutional requisite in any criminal prosecution." *Bryan*, 848 S.W.2d at 75 (citations omitted). "However, . . . there is no constitutional requirement that a trial court, in litany fashion, explain each element of every offense to which an accused is pleading guilty." *Id.* Here, the trial court made reference during the guilty plea hearing to the petitioner's signature on the waiver of jury trial, which is not included in the record. We suspect that this document, perhaps together with other documents in the record of *State v. Sneed*, will provide sufficient evidence that the petitioner was adequately notified of the nature of the charges against him such that denial of his post-conviction petition was proper. On the record before us, however, we cannot make that determination. We remind the district attorney general of his or her duty to obtain and file "the records or transcripts, or parts of records or transcripts that are material to the questions raised" in post-conviction petitions. T.C.A. § 40–30–114(b) (1990 Repl.) (repealed 1995).

The petitioner also complains that the trial court did not state on the record or set forth in its order its findings of fact and conclusions of law as required by T.C.A. § 40–30–118(b) (1990 Repl.) (repealed 1995). While we acknowledge that this failure "does not necessarily constitute reversible error," *Swanson v. State*, 749 S.W.2d 731, 736 fn. 3 (Tenn.1988), it does pose a problem here because of the issue concerning the petitioner's understanding of the nature of the charges against him, as set forth above. Accordingly, we reverse the judgment below with respect to this sole issue and remand this matter to the court below with instructions to enter its written findings of fact and conclusions of law as required by statute. Either party shall have the right to appeal as of right to this Court from the findings of the court below on the sole issue of whether the petitioner understood the nature of the charges against him. As to all other issues

raised in this appeal, the judgment below is affirmed.

TIPTON and WELLES, JJ., concur.