IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

April 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LAWRENCE MOORE | ) | FOR PUBLICATION |
| | ) | |
| Appellee | ) | FILED:  APRIL 28, 1997 |
| | ) | |
| v. | ) | KNOX COUNTY |
| | ) | |
| STATE OF TENNESSEE | ) | HON. RAY L. JENKINS, JUDGE |
| | ) | |
| Appellant | ) | NO. 03-S-01-9607-CR-00073 |

For Appellee:                          For Appellant:

MARK E. STEPHENS                   JOHN KNOX WALKUP
Public Defender                    Attorney General and Reporter

PAULA R. VOSS                      MICHAEL E. MOORE
Assistant Public Defender          Solicitor General
Knoxville, TN
                                   GORDON W. SMITH
                                   Associate Solicitor General
                                   Nashville, TN

                                   RANDALL E. NICHOLS
                                   District Attorney General

                                   ZANE SCARLETT
                                   Assistant District Attorney
                                    General
                                   Knoxville, TN

OPINION

JUDGMENT OF THE COURT OF CRIMINAL APPEALS      BIRCH, C.J.
REVERSED; PETITION DISMISSED

In 1994, Lawrence Moore, the petitioner, filed a pro se petition for habeas corpus relief alleging that his 1983 convictions for robbery and kidnapping violated his due process rights under the state constitution. Treating the petition as one for post-conviction relief, the trial court concluded that the statute of limitations barred consideration of the claim and dismissed the petition. The Court of Criminal Appeals found that the petition raised a claim under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). In addition, the intermediate court held that Anthony announced a new constitutional rule that applied retroactively, and therefore, under Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995), Moore's petition was timely. We granted the State's application for permission to appeal.

After granting the State's application, we released our opinion in State v. Denton, ___ S.W.2d ___, 1996 WL 688350 (Tenn. December 2, 1996). In Denton, we held that Anthony did not announce a new constitutional rule:

> Prior to Anthony, there were two lower court opinions that applied the same rule. See Brown v. State, 574 S.W.2d 57 (Tenn. Crim. App. 1978) and State v. Rollins, 605 S.W.2d 828 (Tenn. Crim. App. 1980). Further, although there was a dearth of direct Tennessee case law on the issue, numerous other jurisdictions had addressed the relationship between kidnapping and other felonies that characteristically involved some detention of the victim. While the case law from other state jurisdictions does not constitute "precedent" within the Meadows/Teague rule, such analyses

3

> of the issue were widespread and
> represented a body of persuasive
> authority available to the
> petitioner.  In light of the
> previous intermediate court
> opinions, we hold that <u>Anthony</u> did
> not announce a new rule.

<u>Id.</u> at *2.  Because <u>Anthony</u> did not announce a new constitutional rule, it does not constitute a "later-arising" ground for relief under <u>Sands</u>.  Consideration of Moore's petition is barred by the statute of limitations.  Tenn. Code Ann. § 40-30-102 (1990).

The judgment of the Court of Criminal Appeals is reversed, and the petition is dismissed.

_____
ADOLPHO A. BIRCH, JR., Chief Justice

CONCUR:

Drowota, Anderson, Reid, Holder, JJ.

4