IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1997 SESSION



FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DENNIS P. NEILAN, | ) | NO. 03C01-9611-CC-00411 |
| | ) | |
| Appellant | ) | SEVIER COUNTY |
| | ) | |
| V. | ) | HON. REX HENRY OGLE |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction Relief) |
| Appellee | ) | |

FOR THE APPELLANT

James W. Greenlee
118 Bruce Street
Sevierville, Tennessee 37862

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

G. Scott Green
Assistant District Attorney

Al Schmutzer
District Attorney General
Suite 301, Sevier County Courthouse
Sevierville, Tennessee 37862

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

William M. Barker, Judge

The appellant, Dennis P. Neilan, appeals from the judgment of the Sevier County Circuit Court which dismissed, without hearing, his petition seeking post-conviction relief.  We affirm the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

Following his pleas of guilty, the appellant was convicted on March 15, 1988, of the offenses of aggravated kidnapping, aggravated rape, aggravated robbery, and grand larceny.  The appellant was sentenced to forty years' incarceration for those offenses.

Over eight years later, on June 21, 1996, the appellant filed his petition seeking post-conviction relief with respect to his conviction for aggravated kidnapping only.  The State filed a motion to dismiss arguing that the appellant's petition was barred by the applicable statute of limitation.  The trial court agreed and, accordingly, dismissed the petition.

On appeal, the appellant contends that the trial court erred in concluding that his post-conviction petition was time-barred.  In that respect, the appellant relies upon this Court's opinion in Lawrence Moore v. State, No. 03C01-9504-CR-00122 (Tenn. Crim. App. at Knoxville, February 14, 1996).  In that case, a panel of our Court held that the petitioner had raised a claim under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), and further concluded that Anthony announced a new constitutional rule which should be applied retroactively, and therefore, under Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995), the petition was timely.  The petitioner here contends that the facts in his case are similar to those in Moore, and the trial court erred in concluding that the statute of limitation barred the appellant's petition.  We disagree.

2

On April 28, 1997, after the parties had filed their briefs in our Court, the supreme court unanimously reversed this Court's opinion in the Moore case. See Moore v. State, 943 S.W.2d 878 (Tenn. 1997).

In overruling this Court's decision in Moore, the supreme court reaffirmed its decision in State v. Denton, 938 S.W.2d 373 (Tenn. 1996), that State v. Anthony did not announce a new constitutional rule, and therefore, an Anthony issue does not constitute a later arising ground for relief under Burford and Sands. We are bound by the decisions of our supreme court, and accordingly, the trial court did not err in dismissing the appellant's petition.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID G. HAYES, JUDGE