# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

**FILED**

July 15, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| DEON BRADEN, | ) | |
| | ) | NO. 01C01-9708-CC-00351 |
| Appellant, | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | |
| | ) | HON. JIM T. HAMILTON, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

HERSHELL D. KOGER
131 North First Street
P.O. Box 1148
Pulaski, TN 38478

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

T. MICHAEL BOTTOMS
District Attorney General

STELLA L. HARGROVE
Assistant District Attorney General
10 Public Square
P.O. Box 1619
Columbia, TN 38402-1619

OPINION FILED: _____

REMANDED

JOE G. RILEY,
JUDGE

**OPINION**

The petitioner, Deon Braden, appeals the trial court's denial of his petition for post-conviction relief. He alleges his original guilty plea was involuntary and trial counsel rendered ineffective assistance by failing to inform him of the potential sentence he could receive. After a thorough review of the record, we REMAND to the trial court with instructions to enter findings of fact and conclusions of law. Alternatively, if the trial court is unable to make findings of fact due to the passage of time, a new hearing should be held.

**I.**

The petitioner pled guilty on April 27, 1994, to one (1) count of aggravated assault, one (1) count of attempted aggravated assault and two (2) counts of possession of cocaine for resale. He was given an effective sentence of fifteen (15) years to be served consecutively with an earlier sentence for which the petitioner was on probation at the time of the instant offenses.

The petitioner filed a petition for post-conviction relief on August 3, 1995. A hearing on the petition was held on September 13, 1996. The testimony at the hearing was conflicting as to whether counsel made the petitioner aware of the potential sentences he faced upon pleading guilty. At the conclusion of the post-conviction hearing, the trial court stated, "All right. I'm going to read this transcript, and I'll get an order out." No order was entered. On July 24, 1997, the petitioner filed a motion for clarification of judgment. A hearing was held August 5, 1997, on the motion to clarify. The trial court ruled at the conclusion of that hearing, "All right. I'm going to overrule the PCR and dismiss it. Draw me an order." The trial court then entered a form judgment which stated in pertinent part, "This PCR has no merit and is denied and dismissed." There were no findings by the trial court.

2

**II.**

The transcript of the guilty plea reveals that the trial court did not advise the petitioner of the range of punishment for the offenses to which he pled as required by Tenn. R. Crim. P. 11(c)(1). However, this obligation of the trial court is not constitutionally based and cannot provide the basis for post-conviction relief. Sneed v. State, 942 S.W.2d 567, 568 (Tenn. Crim. App. 1996). Nevertheless, counsel should advise a person pleading guilty as to the range of punishment he or she faces. A failure to do so should be considered in determining whether the person received effective assistance of counsel.

**III.**

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

3

# IV.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). However, in the instant case, there are no findings of fact for this Court to review. The petitioner claims he was not informed by his attorney of the possible sentences and would have proceeded to trial if he had been so informed. The petitioner's attorney testified he could not remember what he advised the petitioner.

## CONCLUSION

This case is, therefore, remanded for the trial court to set forth written findings of fact and conclusions of law, pursuant to Tenn. Code Ann. § 40-30-211(b), regarding the petitioner's claim of ineffective assistance of counsel. Alternatively, should the trial court find itself unable to make findings of fact due to the passage of time, a new hearing should be conducted.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

4

_____

**CURWOOD WITT, JUDGE**

_____

**LEE MOORE, SPECIAL JUDGE**