IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 22, 2000 Session

## STEPHEN L. CAREY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County
Nos. 37821, 37822, and 37823      Richard R. Baumgartner, Judge**

No. E2000-00847-CCA-R3-PC
January 4, 2001

This is a post-conviction appeal.  The petitioner is currently serving life as an habitual criminal plus a consecutive 105 years for other offenses, all imposed in 1987.  The petitioner timely filed three petitions for post-conviction relief challenging his guilty pleas for offenses occurring in 1969, 1981, and 1983, all of which were subsequently used to establish his habitual criminal status.  The petitioner attempted to amend his petitions for post-conviction relief by challenging two of his 1987 convictions, but it was denied as untimely.  All petitions were dismissed by the trial court after a hearing.  In this appeal as a matter of right, the petitioner contends (1) he received ineffective assistance of counsel and inadequate advice of his constitutional rights from the trial court, thereby rendering his guilty pleas involuntary and unknowing; and (2) the post-conviction court erroneously dismissed his amendment to the petition for post-conviction relief.  After a thorough review of the record, we conclude that the post-conviction court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

James E. Wagner, Knoxville, Tennessee, for the appellant, Stephen L. Carey.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Randy Eugene Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In this appeal as a matter of right, the petitioner claims that the post-conviction court erred in dismissing his post-conviction petitions.  He alleges that

(1) due to ineffective assistance of counsel for his 1969, 1981, and 1983 guilty pleas, and the trial courts' failure to fully inform him of his constitutional rights, he did not knowingly and voluntarily enter his guilty pleas; and

(2) his amendment to the petitions for post-conviction relief should have been allowed.

Although it is undisputed that the trial courts failed to correctly inform the petitioner of certain constitutional rights on the record as required by <u>Boykin</u>, we hold that the omissions were harmless, and the petitioner voluntarily and knowingly entered his guilty pleas. Accordingly, the post-conviction court correctly denied post-conviction relief. We further conclude the post-conviction court properly disallowed the amendment as time-barred.

## I. PROCEDURAL HISTORY

On July 3, 1989, petitioner filed three separate petitions attacking guilty pleas entered in 1969, 1981, and 1983. These guilty plea convictions were subsequently used in 1987 as a basis to classify the petitioner as an habitual criminal. The post-conviction court dismissed the petitions as being filed beyond the statute of limitations. This court reversed and remanded for a hearing on the merits. *See* <u>Stephen L. Carey v. State</u>, C.C.A. No. 03C01-9309-CR-00330, 1994 WL 630524 (Tenn. Crim. App. filed November 8, 1994, at Knoxville), *perm. to app. denied* (Tenn. 1995). The evidentiary hearings were conducted in January and October, 1996; however, the order of denial was not filed until December 28, 1999. The notice of appeal was not filed until April 6, 2000, along with an affidavit by petitioner's counsel indicating he did not become aware of the order of dismissal until March 30, 2000.

Over ten years after the timely filing of the post-conviction petitions, the matter is before this court on appeal as to the merits. The delays are extraordinary, and there is no indication that petitioner is to blame. We waive the timely filing of the notice of appeal "in the interest of justice." Tenn. R. App. P. 4(a).

## II. OVERVIEW

The petitioner was arrested in 1969 and charged with second degree murder. The petitioner retained counsel and proceeded to trial. After the state presented witnesses and during the petitioner's cross-examination, the petitioner, pursuant to a lately-developed negotiated plea, pled guilty to involuntary manslaughter and received a sentence of not less than one nor more than five years. In 1981, the petitioner pled guilty to attempted third degree burglary for an agreed one-year sentence. In 1983, the petitioner pled guilty to various property-related offenses for an agreed sentence of six years. The petitioner was subsequently convicted in 1987 of armed robbery, two

counts of aggravated kidnapping, and felony possession of a weapon and found to be an habitual criminal. He received an effective sentence of life imprisonment plus a consecutive 105 years.

Petitioner now challenges the 1969, 1981, and 1983 guilty pleas, all of which were subsequently used to establish his habitual criminal status. His challenge is without merit.

### III. GUILTY PLEAS

The petitioner claims that his guilty pleas were not made knowingly or voluntarily because his attorneys and the trial judges failed to inform him that his guilty pleas constituted a waiver of certain constitutional rights. It is undisputed that in the three guilty pleas the trial courts did not specifically advise petitioner of his right against self-incrimination and right of confrontation when taking the subject pleas, such advice being required by Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274, 279 (1969). However, the state argues that this error was harmless, and the facts and circumstances of the guilty pleas prove by clear and convincing evidence that the petitioner's pleas were knowingly and voluntarily entered. We agree with the state's argument.

### A. Boykin

In Boykin, the United States Supreme Court held that defendants must knowingly and voluntarily waive certain rights in order for their guilty plea to be considered constitutionally valid. 395 U.S. at 243. These rights include the right to a jury trial, the right to confront witnesses, and the right against self-incrimination. *Id.* These rights cannot be validly waived without an intentional relinquishment, which cannot be presumed from a silent record. *Id.* To ensure guilty pleas are entered "knowingly and intelligently," Boykin instructs the trial court to discuss with the accused the consequences of this decision. *Id.* at 244.

When a trial court fails to advise a defendant of these rights, the burden shifts to the state to prove a constitutional plea. Johnson v. State, 834 S.W.2d 922, 925 (Tenn. 1992). However, the failure does not, in and of itself, entitle the petitioner to relief. *Id.* The state may prove by clear and convincing evidence substantial compliance with the advice requirement by showing either that the petitioner was made aware of his constitutional rights, or that the petitioner independently knew of his constitutional rights, rendering the trial court's omission harmless. *Id.*

The standard for determining substantial compliance or harmless error necessarily requires inquiry into circumstantial factors surrounding the plea. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The relative intelligence of the petitioner, the degree of his familiarity with criminal proceedings, the opportunity to confer with competent counsel regarding plea options, the extent of advice from counsel and the trial court regarding the charges faced, and the desire to avoid a greater punishment resulting from a jury trial are all relevant factors a trial court can use to find a "knowing" and "intelligent" plea. *Id.* at 904 (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)).

The Tennessee Supreme Court established guidelines for reviewing guilty pleas in State v. Neal, 810 S.W.2d 131, 137 (Tenn. 1991), *rev'd in part on other grounds*, Blankenship, 858 S.W.2d at 902. The Court held that "absolutely literal compliance with the advice to be given is not required." *Id.* at 137. "Substantial compliance" would suffice as long as the "sense of the substance of the required advice . . . is [expressed to an accused prior to a plea of guilty]." *Id.*

**B. 1969 Plea**

In 1969, the petitioner was charged with second degree murder. The petitioner proceeded to trial, and he observed counsel select the jury and cross-examine state witnesses, and he took the stand in his own defense. Before completion of his cross-examination, the petitioner pled guilty to involuntary manslaughter for an agreed sentence of not less than one nor more than five years. It is undisputed that the trial court advised the petitioner he had the right to a jury trial and appeal, but the trial court failed to advise the petitioner of his right against self-incrimination and right of confrontation.

At the post-conviction hearing, the petitioner testified that he observed jury selection, observed his attorney cross-examine the state's witnesses, and partially testified in his own defense. The petitioner further testified that he was represented by Percy Foreman, and Foreman told him to plead guilty without discussing his constitutional rights. The petitioner testified that in 1969, he had completed one year of college in Texas and three years of college at the University of Tennessee, majoring in pre-med and minoring in mathematics.

We conclude the failure of the trial court to advise the petitioner of his right against self-incrimination and his right of confrontation was immaterial to the 1969 plea. Petitioner had already observed his counsel cross-examine witnesses and had himself already begun testifying before the jury prior to entering the plea. The failure to advise of these two constitutional rights was harmless.

**C. 1981 Plea**

In 1981, the petitioner pled guilty to attempted third degree burglary with an agreed sentence of one year.

At the post-conviction hearing, the petitioner testified he knew he had the right to a trial, and he may have known it was possible not to testify at trial. However, the petitioner testified that his trial counsel, Zane Daniel, did not discuss his constitutional rights prior to his plea, nor did the trial court properly advise the petitioner of his rights prior to an acceptance of his plea. The record reflects that Steven Oberman, an associate of Daniel, appeared with the petitioner when the petitioner entered his guilty plea. The record further reflects that the trial court informed the petitioner that his guilty plea waived his right to a jury, waived the state's burden of proving guilt beyond a reasonable doubt, and waived his right to appeal. The trial court failed to advise the petitioner on the record that his plea waived his right against self-incrimination and his right to confront witnesses.

The state offered the testimony of Oberman, who testified that it was his and Daniel's habit to advise clients of their constitutional rights prior to trial; however, he had no specific recollection of this particular plea entered fifteen years before the post-conviction hearing.

The proof further established that between 1969 and 1981, the petitioner was arrested more than ten times; pled guilty to numerous offenses in Florida and Tennessee during this time; was convicted of selling marijuana at a jury trial in 1975; thinks he was acquitted of burglary at a jury trial in 1980; and was convicted of the unlawful possession of drugs at a jury trial in June 1981, which was only four months prior to the October 1981 guilty plea that he presently attacks.

The post-conviction court found the failure of the trial court to advise petitioner of the right against self-incrimination and the right of confrontation did not render the plea invalid due to his prior extensive experience in the criminal justice system. We agree that his criminal justice experience indicates he was well aware of his right against self-incrimination and his right of confrontation and of the fact that he waived these rights by his plea. *See* Johnson, 834 S.W.2d at 925. Thus, the guilty plea was valid.

**D. 1983 Plea**

In 1983, the petitioner pled guilty to a series of property-related offenses pursuant to a plea agreement for an effective six-year sentence. Again, it is undisputed that the trial court failed to advise the petitioner on the record that his pleas waived his right against self-incrimination and his right to confront witnesses.

At the 1983 guilty plea hearing, the petitioner was represented by Donald R. Coffey. At the post-conviction hearing, the petitioner testified that he knew he had the right to a trial and could testify in his own behalf, but he was unsure if he could be compelled to testify. The petitioner testified that Coffey never advised him of his constitutional rights. The record of the 1983 guilty plea hearing revealed that the trial judge advised the petitioner that he had the right to a jury trial, the state was required to prove guilt beyond a reasonable doubt, and the plea waived petitioner's right to appeal. The court further inquired if the petitioner was pleading guilty voluntarily. The trial court failed to advise the petitioner of his right against self-incrimination and his right to confront witnesses. The state offered the testimony of Coffey. Coffey testified that although he did not specifically remember his discussions with the petitioner, his habitual practice was to advise his clients of their constitutional rights prior to their plea hearing.

The post-conviction court reached the same conclusion with regard to the 1983 plea as it did the 1981 plea. We agree. The petitioner's prior criminal experience justified the conclusion that petitioner was well aware of his constitutional rights. *See* Johnson, 834 S.W.2d at 925.

**E. Enhancement of Future Punishment**

The petitioner claims that his guilty pleas were not entered voluntarily and knowingly because the trial courts failed to advise him that the pleas could be used to enhance future punishment. The law in Tennessee is well settled; a trial court's failure to advise that a guilty plea can be used to enhance future punishment is inappropriate for post-conviction relief because the advice is not constitutionally mandated. Sneed v. State, 942 S.W.2d 567, 568 (Tenn. Crim. App. 1996). This issue is without merit.

**F. Ineffective Assistance of Counsel**

Petitioner also alleges his various attorneys were ineffective for failing to advise him of his constitutional rights prior to the guilty pleas. The trial court found that petitioner had failed to establish ineffective assistance of counsel with regard to the guilty pleas. The record supports this finding. We specifically note that petitioner has failed to establish he was prejudiced as a result of their representation. *See* Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In short, petitioner has failed to establish that, but for counsels' alleged deficiencies, he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

## IV. AMENDMENT TO POST-CONVICTION PETITION

The petitioner alleges that the post-conviction court erroneously denied a "petition to amend" his previously filed post-conviction petitions. His amendment, filed in 1992, sought to collaterally attack his 1987 convictions for aggravated kidnapping and armed robbery, alleging these dual convictions violated due process under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). This was the first post-conviction pleading attacking these two convictions. The post-conviction court found the amendment was time-barred.

Any attempt to attack the 1987 convictions should have been filed within three years of the date of the final action of the highest state appellate court. *See* Tenn. Code Ann. § 40-30-102 (Supp. 1987) (repealed 1995). This court affirmed the convictions on April 11, 1988, and no permission to appeal was filed. Thus, the proposed amendment filed October 16, 1992, attacking these convictions was outside the three-year statute of limitations. Although Anthony was not decided until September 23, 1991, it did not announce a new constitutional rule and is not a "later arising" claim. *See* Moore v. State, 943 S.W.2d 878, 879 (Tenn. 1997). Accordingly, the trial court properly denied the amendment as time-barred.

**CONCLUSION**

Based upon our review of the record, the judgment of the post-conviction court is affirmed in all respects.

_____
JOE G. RILEY, JUDGE