IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2004

**RODNEY MCKINNEY v. TONY PARKER, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8532     R. Lee Moore, Jr., Judge**

---

**No. W2004-00133-CCA-R3-HC  - Filed August 30, 2004**

---

The petitioner, Rodney McKinney, appeals the trial court's summary dismissal of his claim for writ of habeas corpus.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Rodney McKinney, pro se.

Paul G. Summers, Attorney General & Reporter, and Richard H. Dunavant, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 15, 1999, the petitioner, originally indicted for aggravated robbery, aggravated rape, and four counts of especially aggravated kidnapping, pled guilty to aggravated rape, aggravated robbery, and two counts of especially aggravated kidnapping.  The trial court ordered sentences of fifteen years for the aggravated rape, ten years for the aggravated robbery, and fifteen years for each of the especially aggravated kidnappings.  The effective sentence was fifty-five years.  The facts underlying the convictions have been summarized by the petitioner as follows:

On April 30, 1998 petitioner . . . entered a McDonald's restaurant and robbed . . . Ms. Kimberly Scott at gunpoint and thereafter forced [her] and three other occupants into a cooler.  Thereafter, petitioner forced Ms. Scott to the basement of the restaurant where petitioner . . . raped [her].

No direct appeal was taken.  There was no post-conviction petition.

On December 10, 2003, the petitioner filed a petition for writ of habeas corpus alleging that his conviction for the especially aggravated kidnapping of Ms. Scott violated the rule in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). He contended that the indictment for aggravated rape failed to allege any facts or circumstances which would constitute the "sexual penetration" element of the offense. The trial court denied the petition, finding that the "issues raised are not properly addressed" in a habeas corpus proceeding,

A writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d at 62; State ex rel Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Initially, the petitioner asserts that his conviction for the especially aggravated kidnapping of Kimberly Scott is void because it was incidental to the aggravated rape of Ms. Scott and therefore violative of the due process principles announced in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). The state contends that habeas corpus is not the appropriate forum for relief. We agree. Our supreme court has ruled as follows:

> Unlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law. Rather, the writ of habeas corpus will issue in Tennessee "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."

State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157 (Tenn. 1993)). A denial of due process claim is not a basis for habeas corpus relief.

A petition for post-conviction relief would have been the appropriate procedure. See Moore v. State, 943 S.W.2d 878 (Tenn. 1997). Absent any basis for the tolling of the one-year statute of limitations, however, that remedy is no longer available. See Tenn. Code Ann. § 40-30-102(a).

Next, the petitioner contends that the indictment for aggravated rape failed to charge an offense. While the trial court erred to the extent that it determined that this issue was not reviewable as a habeas corpus claim, see Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000) (reviewing habeas corpus claim that original attempt indictment was insufficient for failing to allege overt act), that does not mean that the petitioner is entitled to a writ of habeas corpus. Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2) and (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time when the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). Nevertheless, the petitioner is not entitled to relief on this claim.

A criminal indictment must include a sufficient description of the offense to ensure that the defendant understands the nature of the charge. Jackson v. Virginia, 443 U.S. 307, 314 (1979). The essential functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991).

Article I, section 9 of the Tennessee Constitution guarantees that "in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof." Tenn. Const. art. I, § 9. Tennessee Code Annotated section 40-13-202, cited by the defendant, provides, in pertinent part, as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202.

According to the allegations in the petition, the aggravated rape indictment provided in pertinent part as follows:

> [The defendant], on April 30, 1998 did unlawfully, intentionally, and forcibly, while armed with a deadly weapon, to wit: a handgun, sexually penetrate [the victim], in violation of T.C.A. 39-13-502.

The petitioner contends that the indictment was inadequate because it failed to specify the manner of sexual penetration. In our view, the indictment was sufficient to apprise the petitioner of the nature of the charge against him, to enable the entry of a proper judgment, and to protect against double jeopardy. The indictment referenced the applicable statute, identified the date of the offense, enumerated the weapon used in the offense, and identified the victim. That was enough. See State v. Hammonds, 30 S.W.3d 294 (Tenn. 2000).

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE