IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## CEDRICK KONARD MITCHELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 10943     Stella Hargrove, Judge**

---

**No. M2004-00861-CCA-R3-PC - Filed June 15, 2005**

---

Petitioner, Cedrick Konard Mitchell, appeals from the denial of his petition for post-conviction relief. In his appeal, Petitioner contends that his trial counsel rendered ineffective assistance of counsel in connection with the negotiation and entry of Petitioner's best interest guilty plea to the charges of assault and driving on a suspended license, and that his guilty plea was not knowingly or voluntarily entered into. After a careful review of the record in this matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Stanley K. Pierchoski, Lawrenceburg, Tennessee, for the appellant, Cedrick Konard Mitchell.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Patrick S. Butler, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

On January 21, 2003, Petitioner entered best interest guilty pleas to one count of assault in case No. 10,470, and one count of driving on a suspended license in case No. 10,471. At the time these offenses were committed, Petitioner was on probation for a robbery conviction in case No. 10,087, and a revocation hearing was held on the same day that Petitioner entered his guilty pleas. At the plea submission hearing, the trial court sentenced Petitioner to eleven months, twenty-nine days for his assault conviction, and six months for his driving on a suspended license conviction. The trial court ordered Petitioner's sentences for his assault and driving on a suspended license convictions to be served concurrently with his reinstated sentence for his robbery conviction, for an effective sentence of four years.

Following the revocation of Petitioner's probation, the trial court recommended that Petitioner be permitted to serve his robbery sentence in the Tennessee Department of Correction's special alternative incarceration unit, known as "boot camp." *See* Tenn. Code Ann. §§ 40-20-201 to -207. The Department of Correction later determined that Petitioner was not eligible to participate in the boot camp program.

At the post-conviction hearing, Petitioner said that he was indicted for aggravated robbery in case No. 10,087 but pled guilty to the lesser included offense of robbery. Petitioner knew that his probation in case No. 10,087 would be revoked as a result of his convictions in case nos. 10,470 and 10,471. Petitioner said that he agreed to enter best interest guilty pleas in the misdemeanor cases, however, because his trial counsel told him that the trial court would recommend that Petitioner serve his robbery sentence in case No. 10,087 in boot camp. Petitioner said that he did not learn that he was ineligible for boot camp until after he was incarcerated, and that had he known this, he would not have pled guilty.

Petitioner conceded that his counsel made no guarantees that he would be sent to boot camp in lieu of jail, but argues that his counsel should have known that he did not qualify for boot camp in the first place.

Petitioner conceded on cross-examination that he brought up the possibility of boot camp with his counsel prior to the plea submission hearing. Petitioner said that his counsel talked to the district attorney about the issue, and that she did her best to secure the trial court's recommendation that he serve his robbery sentence in boot camp. Petitioner admitted that he wrote a letter to Crystal Green, the Giles County circuit court clerk, dated May 1, 2003, stating that he was told by his trial counsel that if he accepted the plea he would be home in ninety days regardless of whether or not he attended boot camp.

Robin Farber, Petitioner's counsel, testified that Petitioner told her he wanted to "just settl[e] everything" after he was charged in case Nos. 10,470 and 10,471, and that he brought up the possibility of serving his robbery sentence in boot camp. Trial counsel said that Petitioner pointed out that his judgment in case No.10,087 reflected that the convicting offense was aggravated robbery even though Petitioner pled guilty to the lesser included offense of robbery. She said that she and Petitioner were aware that this was a potential barrier to his participation in the program. An offender convicted of aggravated robbery is not eligible to participate in the special alternative incarceration program. Tenn. Code Ann. § 40-20-205(2). Trial counsel spoke with the court clerk to insure that the probation revocation order in case No.10,087 showed that Petitioner was convicted of the offense of robbery, not aggravated robbery. Trial counsel said that she did not assure Petitioner that he would be accepted in boot camp or that he would receive a reduced sentence because of his participation in the program.

Trial counsel admitted that she was not aware of the Department of Correction's internal policy which barred an offender from attending boot camp if the offender was initially charged with aggravated robbery with a deadly weapon, even if the charge was subsequently reduced to robbery.

She repeated, however, that she told Petitioner that the Department of Correction, not the trial court, would ultimately decide if Petitioner could serve his robbery sentence in boot camp.

The post-conviction court accredited the testimony of trial counsel that she told Petitioner that the trial court would recommend participation in boot camp, but that his participation could not be guaranteed. The post-conviction court also accredited trial counsel's testimony that she worked with the court clerk to ensure that Petitioner's revocation order reflected that he had been convicted of robbery, rather than aggravated robbery. Based on the evidence presented at the post-conviction hearing and the transcript of the guilty plea submission hearing, the post-conviction court found that Petitioner had failed to establish that his counsel's assistance was ineffective. The post-conviction court found that the trial court at the plea submission hearing had substantially complied with the mandates of Rule 11 of the Tennessee Rules of Criminal Procedure, and that Petitioner had knowingly and voluntarily entered best interest guilty pleas in case Nos.10,470 and 10,471.

## II. Best Interest Guilty Pleas

Petitioner contends that his best interest guilty pleas to the charges of assault and driving on a suspended license were not knowingly and voluntarily entered into because the trial court failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure. Petitioner does not argue that the trial court failed to inform him that by entering best interest guilty pleas to the charged offenses Petitioner was waiving his constitutional right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274, 279 (1969). Petitioner argues, however, that his pleas were not knowingly entered because at the plea submission hearing (1) the trial court failed to explain the nature of the charges against him; (2) the trial court failed to inform him of the mandatory minimum punishment and maximum possible penalty for each charge; (3) the trial court failed to inform him that the convictions resulting from his best interest guilty pleas could be used to enhance his punishment in subsequent proceedings for subsequent offenses; and (4) the trial court failed to address the eligibility requirements for serving his reinstated robbery sentence in the Department of Correction's boot camp program.

In *Boykin*, the Supreme Court concluded that if a guilty plea is not voluntary and knowing, "it has been obtained in violation of due process and is therefore void." *State v. Neal*, 810 S.W.2d 131, 135 (Tenn. 1991), *overruled in part on other grounds by Blankenship v. State*, 858 S.W.2d 897, 902 (Tenn. 1993). A waiver of a defendant's constitutional rights to the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers will not be presumed from a silent record. *Boykin*, 395 U.S. at 243, 89 S. Ct. at 1713.

In *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977), our Supreme Court expressly expanded the *Boykin* advice requirements, in the exercise of its supervisory power, and these are reflected in Rule 11 of the Tennessee Rules of Criminal Procedure. These advice requirements, as relevant here, include a mandate that the trial court inform the defendant of the maximum and minimum possible penalty provided by law. Tenn. R. Crim. P. 11(c)(1). In *State v. McClintock*, 732 S.W.2d 268, 273

(Tenn. 1987), our Supreme Court added another advice requirement that the defendant be informed that the judgment of conviction resulting from his or her guilty plea may be used in a subsequent proceeding to enhance the punishment for a subsequent offense.

The procedure for accepting guilty pleas, therefore, encompasses both constitutionally mandated requirements and supervisory authority requirements. "[T]he *Boykin* requirements are grounded upon federal constitutional law, [the] *Mackey* procedure and advice is based upon both constitutional and supervisory authority requirements, . . . Rule 11 also has a mixed genesis, and . . . *McClintock* pronounces a supervisory authority mandate." *Neal*, 810 S.W.2d at 137.

"The full scope of advice set out in *Boykin*, *Mackey*, *McClintock* and Rule 11 . . . should in substance be given." *Neal*, 810 S.W.2d at 140. The classification of an advice requirement as constitutional or supervisory, however, impacts the scope of a subsequent challenge to a guilty or best interest guilty plea based on the omission of or otherwise noncompliance with one of the advice requirements.

> In the event of an omission of advice that is constitutionally mandated, relief may be obtained on direct appeal; or, if the plaint [sic] has not been waived and relief is timely filed for, upon a post-conviction petition proceeding. Where the omission of advice is simply the failure to conform to a rule or supervisory pronouncement of this court, and does not involve a constitutional rights deprivation, review and relief must be obtained by direct appeal following the entry of a judgment.

*Id.*

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment in any way of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Petitioner's complaint that the trial court did not advise him that his sentence could be used in subsequent proceedings to enhance his punishment for subsequent offenses "'is not constitutionally based.'" *Sneed v. State*, 942 S.W.2d 567, 568 (Tenn. Crim. App. 1996) (quoting *Coker v. State*, 911 S.W.2d 357, 363 (Tenn. Crim. App. 1995)); *see also Neal*, 810 S.W.2d at 133. "Similarly, that the trial court did not explain the minimum and maximum sentences on these charges to the petitioner does not state a claim for relief under the post-conviction act." *Sneed*, 942 S.W.2d at 568-69 (citing *Bryan v. State* 848 S.W.2d 72, 75 (Tenn. Crim. App. 1992)). Thus, Petitioner's challenges to his guilty plea based on the trial court's omission of these two supervisory authority requirements is beyond the scope of a post-conviction proceeding.

As in the case *sub judice*, however, it is not unusual for both constitutionally and supervisory authority based omissions to be raised in a single challenge in a petition for post-conviction relief. *See Neal*, 810 S.W.2d at 139. Petitioner argued that the trial court failed to apprize him of the nature of the charges against him in case nos. 10,470 and 10,471. *See* Tenn. R. Crim. P. 11(c)(1).

"'Adequate notice of the nature of the charges is a constitutional requisite in any criminal prosecution.'" *Sneed*, 942 S.W.2d (quoting *Bryan*, 848 S.W.2d at 75).

Petitioner's trial counsel testified at the post-conviction hearing that Petitioner knew that his probation would be revoked in case No. 10,087 because of the charges in case nos. 10,470 and 10,471. Petitioner approached trial counsel about settling the misdemeanor charges so that he could secure concurrent sentencing and the possibility of attending boot camp. Trial counsel said that she reviewed with Petitioner the nature of the charges in case nos. 10,470 and 10,471 as part of the plea negotiation process, and that the nature of the charges were set out in Petitioner's plea agreement which Petitioner signed. Petitioner stipulated at the plea submission hearing that a factual basis for the guilty plea existed.

When "there [is] affirmative testimony [at the post-conviction hearing] that trial counsel . . . explained the contents of the petition to enter the plea, the state [has] establish[ed] by clear and convincing evidence that the plea was knowingly and voluntarily made." *Coker*, 911 S.W.2d at 363. Based on our review of the record of the post-conviction hearing and the transcript of the plea submission hearing which was included in the record, we conclude that the evidence does not preponderate against the trial court's findings that Petitioner was adequately apprized of his constitutional rights impacted by the entry of his best interest guilty pleas, that he was sufficiently informed of the charges against him, and that Petitioner voluntarily and knowingly entered his guilty pleas. *See Blankenship v. State*, 858 S.W.2d 897, 904-05 (Tenn. 1993). Petitioner is not entitled to relief on this issue.

Petitioner also appears to challenge the voluntariness of his best interest guilty pleas on the basis that the trial court at the plea submission hearing failed to address the eligibility requirements for serving his reinstated robbery sentence in the Department of Correction's boot camp program. Although apparently held the same day in front of the same trial judge, Petitioner's revocation hearing and his plea submission hearing were separate proceedings. The proper forum for addressing Petitioner's issues pertaining to the service of his reinstated robbery sentence in boot camp was the revocation hearing, not his plea submission hearing for his misdemeanor offenses. The Post-Conviction Procedure Act "does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation." *Young v. State*, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002). Petitioner is not entitled to relief on this issue.

## III. Standard of Review

Notwithstanding substantial compliance with Rule 11, however, Petitioner argues that he would not have entered a best interest guilty pleas if his trial counsel had told him that he was not eligible to participate in the boot camp program because of the Department of Correction's internal policy. A petitioner seeking post-conviction relief must establish his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The trial court's findings of fact in a post-conviction hearing are afforded the weight of a jury verdict. *Black v. State*, 794 S.W.2d 752,

755 (Tenn. Crim. App. 1990). Therefore, this Court may not re-weigh or re-evaluate these findings nor substitute its inferences for that of the trial judge unless the evidence in the record preponderates against those findings. *State v. Honeycutt*, 54 S.W.3d 762, 763 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). In addition, questions concerning the credibility of witnesses and the weight and value given their testimony is resolved by the post-conviction court, and not this Court. *Burns,* 6 S.W.3d at 461. However, the trial court's application of the law to the facts is reviewed de novo, without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to de novo review. *Id.*; *Burns*, 6 S.W.3d at 461.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must establish that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he must show that counsel's ineffective performance actually adversely impacted his defense. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty, and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

A petitioner must satisfy both prongs of the *Strickland* test before he or she may prevail on a claim of ineffective assistance of counsel. *See Henley v. State,* 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. *Id.* Failure to satisfy either prong will result in the denial of relief. *Id.* Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Even if Petitioner's counsel should have been familiar with the Department of Correction's internal policies, and therefore rendered ineffective assistance, Petitioner has failed to show that he would not have otherwise pled guilty to his misdemeanor charges. It is clear from the record that Petitioner's main focus was on his reinstated felony sentence which does not give rise to a claim for post-conviction relief. *See Young*, 101 S.W.3d at 433. By entering best interest guilty pleas to the misdemeanor charges, Petitioner was able to secure concurrent sentencing for all three sentences and a recommendation that he be admitted to boot camp for service of his felony sentence. The withdrawal of Petitioner's best interest guilty pleas to the misdemeanor charges does not necessarily impact the revocation of his probation for his felony conviction. A trial court need only find that a defendant has violated the conditions of probation by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e). Furthermore, without the negotiated plea agreement, Petitioner would have been subjected to the possibility of consecutive, rather than concurrent, sentencing. *See* Tenn. Code Ann. § 40-35-115(b)(6).

Based on the foregoing, we find that the evidence does not preponderate against the trial court's findings that Petitioner received effective assistance of counsel and that the entry of his best interest guilty pleas in case Nos. 10,470 and 10,471 was knowing and voluntary.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE