IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 5, 2005 Session

## THOMAS POSTON STUDDARD v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Dyer County**
**No. C02-61  R. Lee Moore, Jr., Judge**

---

**No. W2003-01210-SC-R11-PC - Filed November 30, 2005**

---

We granted permission to appeal in this case pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine whether the Court of Criminal Appeals erred in vacating the defendant's conviction.  The defendant, Thomas Poston Studdard, was indicted for three counts of rape of a child.  To this original indictment he entered a negotiated plea of guilty to the charge of incest and was sentenced to a term of eight years as a Range II multiple offender.  Pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure, he filed a motion seeking correction or reduction of his sentence.  Following a hearing, the trial court overruled the motion, and he appealed.  Without addressing the defendant's stated concern, the Court of Criminal Appeals, ostensibly using the plain error doctrine, vacated the judgment of conviction on the grounds that incest is not a lesser included offense of child rape and because the record failed to reflect that the indictment had been amended.  The intermediate court reinstated the original indictment and remanded the case.  Because we conclude that the trial court had jurisdiction to accept the plea and because the criteria for plain error have not been met, we reverse the judgment of the Court of Criminal Appeals, reinstate the conviction for incest, and remand the case to the Court of Criminal Appeals for consideration of the defendant's sentencing issues.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Remanded to Court of Criminal Appeals

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and FRANK F. DROWOTA, III, E. RILEY ANDERSON, and JANICE M. HOLDER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Michael E. Markham, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellant, State of Tennessee.

Jim W. Horner, District Public Defender; H. Tod Taylor, Assistant District Public Defender; and Patrick R. McGill, Assistant District Public Defender, for the appellee, Thomas Poston Studdard.

**OPINION**

**I. Facts and Procedural History**

A Dyer County Grand Jury indicted the defendant on three counts of rape of a child, a Class A felony. Tenn. Code Ann. § 39-13-522(b) (2003). Pursuant to a plea agreement, he pleaded guilty to one count of incest, a Class C felony. Id. § 39-15-302(b) (2003). The defendant executed a "Plea of Guilty and Waivers of Jury Trial and Appeal" form which stated that he was pleading guilty to the charge of incest. Although the indictment was not amended to include the incest charge, incest was listed on the judgment as the "Conviction offense." The trial court sentenced the defendant to an eight-year term in the Tennessee Department of Correction as a Range II multiple offender.

Within the time allowed, the defendant sought to correct or reduce his sentence pursuant to Tennessee Rule of Criminal Procedure 35(b) (2004).[1] The defendant claims that only after he signed the plea agreement did he learn that pursuant to Tennessee Code Annotated section 40-35-503(c) (2003),[2] he would be required to complete a sexual offender treatment program and be psychologically certified before he would be eligible for parole. The trial court conducted a hearing and entered an order overruling the motion. Thereafter, the defendant appealed as of right to the Court of Criminal Appeals, contesting his sentence and not his conviction.

Without reaching the merits, the Court of Criminal Appeals vacated the defendant's conviction because he had pleaded guilty to an offense with which he had not been charged and because the record does not reflect that the indictment charging rape of a child had been amended to include incest, the offense to which the defendant had pleaded guilty. The Court of Criminal Appeals ordered that the indictment charging the defendant with rape of a child be reinstated. We granted the State's application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to consider whether the Court of Criminal Appeals erred in vacating the

---

[1]Tennessee Rules of Criminal Procedure 35(b) (2004) provides:
The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

[2]Tennessee Code Annotated section 40-35-503(c) (2003) provides:
No person convicted of a sex crime shall be released on parole unless a psychiatrist or licensed psychologist designated as a health service provider has examined and evaluated such inmate and certified that, to a reasonable medical certainty, the inmate does not pose the likelihood of committing sexual assaults upon release from confinement. The examination and evaluation shall be provided by psychiatrists or licensed psychologists designated as health service providers whose services are contracted or funded by the department of correction or the board of paroles. The board shall consider any such other evaluation by a psychiatrist or licensed psychologist designated as a health service provider which may be provided by the defendant.

defendant's conviction.

## II. Standard of Review

The issue before us is a question of law. Accordingly, our review is de novo with no presumption of correctness accorded to the courts below. State ex rel. Pope v. U.S. Fire Ins. Co., 145 S.W.3d 529, 533 (Tenn. 2004).

## III. Analysis

In this appeal, the State contends that the Court of Criminal Appeals erred in vacating the defendant's conviction. Specifically, the State cites to this Court's recent decision in Yoreck v. State, 133 S.W.3d 606 (Tenn. 2004), in which this Court held that the trial court had subject matter jurisdiction to accept the defendants' guilty pleas for offenses even though these offenses were not charged in the indictments, nor were they lesser included offenses of those charged in the indictments. We further held that the intermediate court erred in finding that the trial court's acceptance of the plea was plain error. Id.

When the Court of Criminal Appeals filed its decision in the present case, Yoreck had not yet been released. In these circumstances, the Court of Criminal Appeals relied on the now-reversed intermediate court decision in Yoreck in vacating the defendant's conviction in the case under review. See State v. Robert James Yoreck, III, No. M2001-02448-CCA-R3-CD, 2003 WL 141051 (Tenn. Crim. App. Jan. 15, 2003). We must now consider the instant case in light of our recent decision in Yoreck, 133 S.W.3d 606.

Yoreck comprised three cases that were consolidated on appeal. Each of the defendants pleaded guilty to charges that were not listed on the indictments and that were not lesser included offenses of those charged. The defendants then appealed, arguing that the trial court erred in sentencing them. They did not raise any additional issues. The Court of Criminal Appeals, sua sponte, held that the defendants' guilty pleas must be set aside because they had pleaded guilty to offenses that were not stated in the indictment and that were not lesser included offenses of the indicted offenses. The intermediate court was not clear as to the basis for vacating the rulings–whether based on lack of subject matter jurisdiction or because the case met all of the plain error requirements. On appeal, this Court reversed, holding that no jurisdictional defects were present and that the plain error criteria had not been satisfied. Yoreck, 133 S.W.3d at 614.

In the instant case, the facts are strikingly similar to those in Yoreck. The defendant entered a plea to incest, a charge that was neither stated in the indictment, nor a lesser included offense of the indicted charge. The defendant then sought review of his sentence pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure. The intermediate court, sua sponte, vacated the defendant's conviction based on the Court of Criminal Appeals' decision in Yoreck. The intermediate court did not explain why the trial court's decision constituted plain error, nor did it discuss whether the trial court had subject matter jurisdiction.

The State now appeals, contending that based on this Court's decision in Yoreck, the Court of Criminal Appeals erred in vacating the convictions. We agree. We held in Yoreck that "in addition to the issues raised by the parties, the appellate court must address jurisdiction and may address plain error." 133 S.W.3d at 611. Therefore, we must determine whether the trial court had subject matter jurisdiction to accept the guilty plea and whether the Court of Criminal Appeals properly applied the plain error doctrine.

## A. Jurisdiction

"[A] defendant who enters a plea of guilty waives all nonjurisdictional defects and constitutional infirmities." Yoreck v. State, 133 S.W.3d at 612 (citing State v. McKinney, 74 S.W.3d 291, 306 (Tenn. 2002); State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999)). Thus, "an appellate court shall consider whether the trial court had jurisdiction over the subject matter, whether or not presented for review." Yoreck, 133 S.W.3d at 612. Because the defendant in this case was charged with a proper indictment for rape of a child, the trial court was vested with jurisdiction. See id.

Nevertheless, although a trial court may be initially vested with jurisdiction, a defendant "may be convicted only of an offense enumerated in the indictment, or an offense that qualifies as a lesser-included offense thereof." State v. Moore, 77 S.W.3d 132, 134 (Tenn. 2002). Here, the defendant was properly charged with rape of a child, but he ultimately pleaded guilty to incest. Incest is not a lesser included offense of rape of a child. See State v. Beauregard, 32 S.W.3d 681, 683 (Tenn. 2000) (holding that a defendant can be convicted of both rape and incest based upon a single act because they are different offenses). Thus, we must determine if the indictment was amended to include the charge of incest.

In Yoreck, this Court stated that an indictment may be amended with the consent of the defendant. 133 S.W.3d at 612; Tenn. R. Crim. P. 7(b) (2003). Specifically, we found that the defendants had signed plea agreements indicating the charge to which they were pleading and that the judgments had listed the amended charges. Thus, we held that the indictment had been amended with the consent of the defendants, and the defendants were on notice of the offenses to which they pleaded guilty.

In the present case, the defendant signed a "Plea of Guilty and Waivers of Jury Trial and Appeal" form which listed the conviction to which he was pleading as incest. The only significant difference from Yoreck is that the judgment in this case did not state the "Amended Charge." Instead, on the judgment, the "Offense" was listed as "Rape of Child" and underneath that section, the "Conviction offense" was listed as "Incest." Nevertheless, we conclude that in the context of a guilty plea proceeding, the listing of the conviction for incest on the form which the defendant signed is sufficient to put the defendant on notice of the charge with which he was convicted.

Based on Yoreck, we conclude the defendant was initially charged with a proper indictment, so the trial court was vested with jurisdiction. See Yoreck, 133 S.W.3d at 612. Although a

-4-

transcript of the guilty plea proceeding is not included in the record, the defendant signed a "Plea of Guilty and Waivers of Jury Trial and Appeal" form which listed the conviction to which he was pleading as incest. Additionally, the judgment listed the original "Offense" as "Rape of Child" and the "Conviction offense" as "Incest." Based on the foregoing, we conclude, as we did in Yoreck, that the conviction was, at most, voidable, and therefore, is not jurisdictionally defective. "Consequently, if the Court of Criminal Appeals vacated the conviction[] . . . because it concluded the trial court lacked subject matter jurisdiction, then the court erred in so doing." Id. at 613.

## B. Plain Error

We next determine whether the Court of Criminal Appeals properly vacated the defendant's conviction based on plain error. This Court has adopted the five-factor test announced by the Court of Criminal Appeals in State v. Adkisson, 899 S.W.2d 626 (Tenn. Crim. App. 1994), to determine whether error constitutes "plain error" under Tennessee Rule of Appellate Procedure 36(b) and Tennessee Rule of Criminal Procedure 52(b). State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000). Plain error may be found when all of the following factors are present:

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is 'necessary to do substantial justice.'

Id. (quoting Adkisson, 899 S.W.2d at 641-42). All five factors must be established in order for the Court to recognize plain error. Smith, 24 S.W.3d at 283.

First, transcripts of the guilty plea proceedings are not included in the record. Thus, the record does not clearly establish what occurred in the trial court, so factor (a) under the plain error test is not met. See Adkisson, 899 S.W.2d at 641-42.

Further, the defendant pleaded guilty to incest–an offense with a lesser penalty than the offenses for which he was originally indicted. Pursuant to Tennessee Code Annotated section 40-35-111 (b) (1) (2003), the defendant would have been sentenced to at least fifteen years if convicted of rape of a child. Because the defendant was originally indicted on three counts of rape of a child, the defendant's sentences for this Class A felony could have been ordered to be served consecutively. Tenn. Code Ann. § 40-35-115 (2003). Under his conviction for incest as a Range II offender, however, the defendant was exposed to a minimum of six and a maximum of ten years incarceration. Tenn. Code Ann. § 40-35-112 (2003). He was sentenced to eight years. The record strongly suggests the defendant pleaded guilty to incest–a lower grade offense–for tactical reasons. Indeed, by this plea of guilty, the defendant accepted the benefit of a lower sentence for a lower-grade offense. Factor (d) limits plain error review to issues not waived for tactical reasons. Smith, 24 S.W.3d at 283. Therefore, factor (d) under the plain error test–that the accused did not waive the issue for tactical reasons–is also not met. See id. Thus, we conclude that all of the plain error criteria are not met and

that the intermediate court's finding of plain error is erroneous.

## IV. Conclusion

Accordingly, we hold the Court of Criminal Appeals abused its discretion in finding that the trial court's acceptance of the guilty plea in this case was plain error. Consequently, we reinstate the conviction imposed by the trial court and remand the case to the Court of Criminal Appeals to review and consider the remaining sentencing issues. It appearing that the defendant is indigent, costs are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE