IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs February 29, 2012

## ROY ALLEN SCOTT v. DAVID OSBORNE, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-45      E. Eugene Eblen, Judge**

_____

**No. E2011-02021-CCA-R3-HC-FILED-APRIL 30, 2012**

_____

Petitioner, Roy Allen Scott, appeals the Morgan County Criminal Court's summary dismissal of his petition for writ of habeas corpus. He claims entitlement to habeas corpus relief because the trial court for the underlying convictions was without jurisdiction to enter his conviction for aggravated assault. In addition, he contends that his convictions for driving under the influence and vehicular assault violate double jeopardy principles. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, J., joined. JERRY L. SMITH, J., not participating.

Roy Allen Scott, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

In a previous opinion, a panel of this court summarized the facts underlying petitioner's case as follows:

On January 3, 2000, the petitioner, Roy Allen Scott, entered in the Wayne County Circuit Court pleas of nolo contendere to charges stemming from

several indictments. Specifically, in indictment number 12040, the petitioner pled nolo contendere to resisting arrest, a Class B misdemeanor, for which he received a six-month sentence. On indictment number 12041, the petitioner pled nolo contendere to driving under the influence, fourth offense, a Class E felony, for which he received a two-year sentence. On indictment number 12042, he pled nolo contendere to two counts of reckless endangerment, a Class E felony, and for each conviction he received a two-year sentence. On indictment number 12043, he pled nolo contendere to evading arrest, a Class D felony, for which he received a four-year sentence. On indictment number 12044, he pled nolo contendere to aggravated assault, a Class C felony, for which he received a six-year sentence. On indictment number 12045, he pled nolo contendere to driving on a revoked license, a Class B misdemeanor, and he received a six-month sentence. In indictment number 12192, the petitioner pled nolo contendere to escape, a Class E felony, and he received a two-year sentence. According to the petitioner's brief, he was in jail in relation to the charges in indictment numbers 12040 through 12045 when he committed the escape for which he was charged in indictment number 12192. The petitioner's sentences for resisting arrest, evading arrest, and driving on a revoked license were to be served concurrently with each other but consecutively to the other sentences. The remaining sentences were ordered to be served consecutively to each other for a total effective sentence of eighteen years.

*Roy Allen Scott v. Jim Worthington*, *Warden*, No. E2008-02234-CCA-R3-HC, 2009 WL 3335578 , at *1 (Tenn. Crim. App. Oct. 16, 2009). Petitioner previously sought habeas corpus relief in the Morgan County Criminal Court, and this court affirmed the habeas corpus court's denial of relief. *Id.* at *2-*3.

On June 14, 2011, petitioner filed a second petition for habeas corpus relief in the Morgan County Criminal Court. The State filed a motion to dismiss on August 12, 2011, to which petitioner replied on August 18, 2011. On August 25, 2011, the court filed a written order denying habeas corpus relief. Petitioner timely appealed the denial of relief.

## II. Analysis

On appeal, petitioner alleges that his aggravated assault conviction is void because he did not execute a written waiver to plead nolo contendere to aggravated assault instead of attempted first degree murder, the indicted charge. Further, petitioner contends that dual convictions for driving under the influence and vehicular assault violate constitutional protections against double jeopardy.

Whether habeas corpus relief should be granted is a question of law that we review de novo without a presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when the judgment is void on its face or the sentence at issue has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Habeas corpus petitions are to contest void, not merely voidable, judgments. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636–37 (Tenn. 1967); *see* Tenn. Code Ann. § 29-21-109 (2010). A court may also summarily dismiss a petition for writ of habeas corpus if the petitioner does not comply with the procedural requirements for pursuing habeas corpus relief. *Archer*, 851 S.W.2d at 165; *Summers*, 212 S.W.3d at 259-60 (citing *Hickman*, 153 S.W.3d at 21).

The grand jury indicted petitioner, in indictment number 12044, for attempted first degree murder. Petitioner pled nolo contendere to aggravated assault on that count of the indictment instead of pleading guilty to the indicted offense. Petitioner now claims that the judgment of conviction as to this count is void because he did not execute a written waiver of his right to be tried on the indicted charge. He also claims that because aggravated assault is not a lesser-included offense of attempted first degree murder, he could not have pled guilty to aggravated assault without an amendment to the indictment. Petitioner argues that because his aggravated assault conviction is for a charge that the original lawful indictment did not contain, the trial court did not have jurisdiction to convict him.

A valid indictment is an essential jurisdictional element without which there can be no prosecution. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998) (citing *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *State v. Stokes*, 954 S.W.2d 729, 730 (Tenn. 1997). An indictment may be amended in all cases with the consent of the petitioner. Tenn. R. Crim. P. 7(b). For tactical reasons, a person may choose to plead guilty to an offense that is not charged in the indictment and is not a lesser-included offense of the indicted offense. *State v. L.W.*, 350 S.W.3d 911, 917 (Tenn. 2011).

In *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004), our supreme court held that if "(1) the trial court properly had subject matter jurisdiction over the cases at issue, (2) it appears that the indictments were orally amended during the guilty plea proceedings, and (3) the judgments indicate agreed amendments to the indictments," then the indictments are not void on their faces. *Id*. at 612. The defendants in *Yoreck* were initially charged with proper indictments, but pled guilty to an offense that was not a lesser-included offense of the indicted offense. The judgments of convictions listed the amended offense, and the *Yoreck* court concluded that the defendants were given notice of the charges of which they were convicted. *Id*.

Similarly, in *Studdard v. State*, 182 S.W.3d 283, 286-88 (Tenn. 2005), the court held that the trial court had subject matter jurisdiction to accept the defendant's guilty plea to incest although it was not a lesser-included offense of the indicted offense of rape of a child. In *Studdard,* the judgment did not reflect an amended charge. Instead, the judgment listed the offense as rape of child and underneath that section, listed the convicted offense as incest. The court concluded "that in the context of a guilty plea proceeding, the listing of the conviction for incest on the form which the defendant signed is sufficient to put the defendant on notice of the charge with which he was convicted." *Id*. at 287. Thus, the court concluded that "the conviction was, at most, voidable, and therefore, is not jurisdictionally defective." *Id.*

In the present case, the State initially charged petitioner through a valid indictment that vested the trial court with jurisdiction. The record in this case does not contain the judgments of conviction or a transcript of the plea colloquy, thus, it does not establish whether the judgment reflected the amendment. However, in his brief, petitioner admits that he pled nolo contendere to aggravated assault instead of the indicted offense of attempted first degree murder. Aggravated assault is not a lesser-included offense of attempted first degree murder. *See Demonbreun v. Bell*, 226 S.W.3d 321, 324 (Tenn. 2007). Petitioner's agreement to plead guilty to aggravated assault was, in effect, his consent to an amendment to the indictment. *See* Tenn. R. Crim. P. 7(b). Thus, the trial court retained jurisdiction to enter judgment on the amended charge. Furthermore, "even if the indictment was not properly amended, such allegations would merely render the judgment voidable, not void." *Jim McConnell v. Jim Morrow, Warden*, No. E2010-02341-CCA-R3-HC, 2011 WL 1361569, at \*3 (Tenn. Crim. App. Apr. 11, 2011) (citing *Gary E. Aldridge v. State*, No. M2004-01861-CCA-R3-HC, 2006 WL 1132073, at \*3 (Tenn. Crim. App., Apr. 28, 2006); *Donald Walton v. State*, No. M2002-02044-CCA-R3-CO, 2004 WL 193052, at \* 2 (Tenn. Crim. App., Jan. 28, 2004)). Accordingly, we conclude that petitioner is not entitled to relief on this issue.

-4-

Next, petitioner argues that his dual convictions for driving under the influence and vehicular assault violate constitutional double jeopardy protections. As previously noted, the record on appeal does not contain the judgments of conviction. It is the petitioner's duty to compile a complete record for appeal. Tenn. R. App. P. 24(b). Despite petitioner's omission, we glean from the record that petitioner pled nolo contendere to aggravated assault under Tennessee Code Annotated section 39-13-102 and not vehicular assault under Tennessee Code Annotated section 39-13-106. Petitioner's convictions for driving under the influence and aggravated assault do not involve second prosecutions or multiple punishments for the same offense. Thus, they did not violate constitutional double jeopardy protections. *See* Tenn. Code Ann. § 55–10–401; Tenn. Code Ann. § 39–13–102. We conclude that petitioner's claim is without merit, and he is not entitled to relief.

## III. Conclusion

Based on the foregoing, we affirm the judgment of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE

-5-