IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2013

### VINCENT LANIER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-06050     Carolyn Wade Blackett, Judge**

---

**No. W2012-00260-CCA-R3-HC  - Filed April 18, 2013**

---

The Petitioner, Vincent Lanier, appeals the Shelby County Criminal Court's denial of his petition for writ of habeas corpus.  The Petitioner was indicted for rape but entered a guilty plea to statutory rape.  On appeal, the Petitioner argues that his judgment is void because (1) he entered a guilty plea to statutory rape, which is not a lesser included offense of the charged offense of rape, and his indictment was never amended from rape to statutory rape, and (2) trial counsel and the trial court failed to advise him that he would have to comply with the registration requirements of Tennessee's sexual offender registration act because of his guilty plea to statutory rape.  See T.C.A. § 39-13-506(d)(2)(B) (stating that "[i]n addition to the punishment provided for a person who commits statutory rape for the first time, the trial judge may order, after taking into account the facts and circumstances surrounding the offense, including the offense for which the person was originally charged and whether the conviction was the result of a plea bargain agreement, that the person be required to register as a sexual offender pursuant to title 40, chapter 39, part 2").  Upon review, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Zipporah C. Williams, Memphis, Tennessee, for the Petitioner-Appellant, Vincent Lanier.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Susanna M. Shea, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** A Shelby County Grand Jury indicted the Petitioner for one count of rape. At the February 11, 2003 plea submission hearing, the State informed the court that the Petitioner, with the court's approval, was entering a guilty plea to the offense of statutory rape in exchange for a sentence of six years of confinement with a release eligibility of sixty percent   The State summarized the facts supporting the entry of the Petitioner's guilty plea:

> [O]n October 1st of the year 2000[,] the victim, [N.R.,] who . . . on October 1st was age 15, was at her uncle's home, the home of Mr. Vincent Lanier.  On that–at that location the victim was asleep in one of the bedrooms at which time that the suspect Lanier came into the room, removed her clothing, and placed his penis in her vagina.

> The Petitioner, through counsel, stipulated to the aforementioned facts During the plea colloquy, the Petitioner acknowledged that although he was charged with rape, a Class B felony, which carried a sentence range of eight to thirty years, he was entering a guilty plea to statutory rape, a Class E felony, in exchange for a sentence of six years as a career criminal with a release eligibility of sixty percent.  The transcript from the plea submission hearing shows that the trial court erroneously believed that statutory rape was a lesser included offense of rape at the time the Petitioner entered his plea.  The Petitioner asserted that he was waiving all the rights associated with a trial by jury and stated that he had signed a petition for waiver of a trial by jury and request of the court to accept his guilty plea to statutory rape.  The court formally accepted the Petitioner's guilty plea.  Neither the transcript from the plea submission hearing nor the judgment of conviction contains any information about requiring the Petitioner to comply with the Tennessee sexual offender registry act because of his guilty plea to statutory rape.  See id.

Following entry of his guilty plea to statutory rape in 2003, the Petitioner filed an unsuccessful petition for writ of habeas corpus.  See Vincent Lanier v. State, No. W2005-00783-CCA-R3-HC (Tenn. Crim. App. Nov. 22, 2005) (order dismissing the appeal for Petitioner's failure to file a brief).

On June 21, 2011, the Petitioner filed the instant petition for writ of habeas corpus in the Shelby County Criminal Court.  In it, he alleged that his guilty plea to statutory rape was unconstitutional because statutory rape is not a lesser included offense of rape.  He also alleged that he was restrained of his liberty by the requirement that he comply with the sexual offender registration act because of his guilty plea.  Following the appointment of counsel, the Petitioner filed an amended petition, attaching copies of his indictment, plea submission hearing transcript, and judgment.  In the amended petition, he alleged that he was entitled to habeas corpus relief because his indictment, which charged him with rape, was not amended

prior to him entering his guilty plea to statutory rape and because trial counsel and the trial court failed to inform him that he would have to comply with the sexual offender registry act because of his conviction. On January 13, 2012, the habeas corpus court summarily dismissed the petition, holding that the Petitioner's judgment was not void because (1) the trial court had jurisdiction to render the judgment and the judgment of conviction showed that the Petitioner entered a guilty plea to the amended charge of statutory rape and (2) the Petitioner's claim that trial counsel provided ineffective assistance in failing to inform him that he would be required to comply with the sexual offender registration act because of his guilty plea was not a cognizable claim for habeas corpus relief. The Petitioner filed a timely notice of appeal.

**ANALYSIS**

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely

> voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers, 212 S.W.3d at 256 (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

**I. Lesser Charge Not Included in Indictment.** On appeal, the Petitioner argues that the trial court was without jurisdiction to sentence him because he entered a guilty plea to statutory rape, which is not a lesser included offense of the charged offense of rape, and his indictment was never amended from rape to statutory rape. See State v. Stokes, 24 S.W.3d 303, 306 (Tenn. 2000) (concluding that statutory rape is not a lesser included offense of rape). The State erroneously concedes that the Petitioner's judgment is void because the judgment omitted the community supervision for life provision. We note that the offense of statutory rape is not one of the enumerated offenses that requires a sentence of community supervision for life and that the Petitioner makes no claim regarding a community supervision for life provision. See T.C.A. § 39-13-524(a) (2003). The State also argues that the habeas corpus court properly determined that the Petitioner was not entitled to habeas corpus relief because the Petitioner failed to show that he is currently restrained of liberty or that the illegal portion of his sentence was material to his negotiated guilty plea. Finally, the State argues that the Petitioner's decision to plead guilty to an offense not charged in the indictment constitutes the Petitioner's consent to the amendment of the indictment. See State v. Yoreck, 133 S.W.3d 606, 612-13 (Tenn. 2004). We conclude that the Petitioner is not entitled to habeas corpus relief because he consented to the amendment of his indictment when he signed his petition for waiver of trial by jury and request of the court to accept his guilty plea and subsequently entered his guilty plea to statutory rape.

"A valid indictment is an essential jurisdictional element, without which there can be no prosecution." Dykes, 978 S.W.2d at 529 (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); Stokes, 954 S.W.2d at 730). Tennessee Rule of Criminal Procedure 7(b) (2003) states that an indictment may be amended in all cases with the defendant's consent. We also recognize that "[f]or tactical reasons, a person may choose to plead guilty to an offense that is not charged in the indictment and is not a lesser included offense of the indicted offense." State v. L.W., 350 S.W.3d 911, 917 (Tenn. 2011) (citing Studdard v. State, 182 S.W.3d 283, 286-88 (Tenn. 2005)).

In Yoreck, 133 S.W.3d at 612, the Tennessee Supreme Court held that the defendants were given proper notice of the aggravated assault charge of which they were convicted, even though aggravated assault is not a lesser included offense of the charged offense of rape, when they signed a waiver of trial by jury and request to enter plea of guilty and each judgment listed the amended charge. The court further held that the indictments were not void and the judgments were "at most voidable" because the trial court had subject matter jurisdiction over the cases, because the indictments were orally amended during the plea submission hearings, and because the judgments indicated that the indictments had been amended by agreement. Id.

In Studdard v. State, 182 S.W.3d 283, 287 (Tenn. 2005), the court concluded that the defendant's conviction was not jurisdictionally defective when the indictment properly vested the trial court with subject matter jurisdiction and the judgment, which listed the charged offense as rape of a child and did not include an amended charge of incest, listed the conviction offense as incest. The court held that "in the context of a guilty plea proceeding, the listing of the conviction for incest on the form which the defendant signed is sufficient to put the defendant on notice of the charge with which he was convicted." Id. The court concluded that the conviction was "not jurisdictionally defective" and "was, at most, voidable[.]" Id.

However, in State v. Stokes, 24 S.W.3d 303 (Tenn. 2000), the Tennessee Supreme Court was faced with an entirely different factual scenario than that in the aforementioned cases. In Stokes, the defendant was indicted for rape but was convicted of statutory rape. Id. at 304. The trial court suggested a jury instruction on the offense of statutory rape because it erroneously believed that statutory rape was a lesser included offense of rape, and the parties passively agreed to the instruction. Id. at 306. Neither party requested that the indictment be amended, and the court never entered an amendment. Id. Based on these facts, the Tennessee Supreme Court concluded that "a defendant's acquiescence to a jury instruction based on an incorrect belief that an offense is a lesser included offense is simply insufficient to transform an erroneous jury instruction into a valid amendment of an indictment by that defendant's consent." Id. The court then specified the procedure for amending an indictment:

While Rule 7(b) provides that "[a]n indictment . . . may be amended in all cases with the consent of the defendant," the rule does not specify the procedure by which the amendment should be made. To clarify this matter, we conclude that an indictment may be amended pursuant to Rule 7(b) where an oral or written motion to amend the indictment is made and where the defendant's oral or written consent to the motion is clear from the record. Because no motion to amend the indictment was made in the present case, and consent by Stokes to such an amendment does not appear in the record, we hold that the indictment was not amended. Accordingly, Stokes was convicted of a crime for which he was not charged.

Id. at 306-07.

The factual scenario in the Petitioner's case is nearly identical to the one in Yoreck. Here, the grand jury indicted the Petitioner for the offense of rape, and the Petitioner entered a guilty plea to statutory rape. The judgment of conviction shows that although the indictment charged the Petitioner with rape, the amended charge and the conviction offense were listed as statutory rape. On appeal, the Petitioner alleges that his judgment is void because the trial court was without jurisdiction to sentence him because statutory rape is not a lesser included offense of rape and because his indictment was not properly amended to charge him with statutory rape. The record shows that the indictment charging the Petitioner with rape properly vested subject matter jurisdiction with the trial court. In addition, the transcript from the plea submission hearing shows that the Petitioner had signed a waiver of a trial by jury and request for entry of plea of guilty and understood that he was entering his guilty plea to statutory rape rather than rape. Finally, the judgment of conviction reflects that the charged offense was amended to statutory rape. We conclude that the record shows that the Petitioner consented to the amendment of his rape charge to statutory rape and that his judgment of conviction is not void. See Tenn. R. Crim. P. 7(b); Yoreck, 133 S.W.3d at 612; Studdard, 182 S.W.3d at 287; Stokes, 24 S.W.3d at 306-07. Accordingly, we conclude that the Petitioner in not entitled to habeas corpus relief on this issue.

**II.  Ineffective Assistance of Counsel.**  The Petitioner also argues that his judgment is void because trial counsel and the trial court failed to advise him that his sentence for statutory rape included a requirement that he comply with Tennessee's sexual offender registration act. See T.C.A. §§ 40-39-201 to 215 (2012). He asserts that his judgment of conviction makes no mention of compliance with the sexual offender registry and the transcript from the plea submission hearing shows that neither trial counsel nor the trial court informed him that he would be required to comply with this registry. The State responds that the habeas corpus court properly determined that this was not a proper ground for habeas corpus relief. We agree that the Petitioner is not entitled to habeas corpus relief on this issue

because the requirement that he comply with the sexual offender registration act is a collateral consequence of his judgment of conviction.

In Ward v. State, 315 S.W.3d 461, 472 (Tenn. 2010), the Tennessee Supreme Court held that "the registration requirements imposed by the sex offender registration act are nonpunitive and . . . are therefore a collateral consequence of a guilty plea." The court added that because the registration requirement "does not have an effect on the length, manner, or service of the defendant's punishment[,]" a trial court's failure to advise a defendant of the sexual offender registration requirement does not render the defendant's guilty plea "constitutionally invalid." Id.; see Martin Lewis Privette v. State, No. 2011-02640-CCA-R3-PC, 2012 WL 6172037, at *9 (Tenn. Crim. App. Dec. 11, 2012) (reiterating that "[a]ny failure by the court or counsel to explain fully the sexual offender registry to the Petitioner does not render his guilty plea invalid"). Consequently, the trial court's failure to inform the Petitioner of the registration requirements was merely a collateral consequence to his guilty plea to statutory rape and did not render his guilty plea void. Moreover, even if we construe this claim as an ineffective assistance of counsel claim, the Petitioner would not be entitled to relief because such claims are not cognizable claims for habeas corpus relief. See Passarella, 891 S.W.2d at 627 (concluding that "[w]hen a prisoner contends that he was denied the constitutional right to the effective assistance of counsel, the judgment is voidable, not void, unless the face of the record establishes that the trial court did not have jurisdiction of his person, the criminal offense of which he stands convicted, or the authority to make the judgment attacked"); Robert M. Winters v. Cherry Lindamood, Warden, No. M2007-02699-CCA-R3-HC, 2009 WL 774479, at *3 (Tenn. Crim. App. March 25, 2009) (stating that "a claim of ineffective assistance of counsel, at best, renders a challenged judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief"). Furthermore, we cannot construe the petition as one for post-conviction relief because the statute of limitations has long expired. See T.C.A. § 40-30-102(a) (2012). Accordingly, the Petitioner is not entitled to habeas corpus relief on this issue.

Upon review of the record and applicable law, this court concludes that the Petitioner is not entitled to habeas corpus relief and that the habeas court's summary dismissal of the petition was proper. The judgment of the habeas corpus court is affirmed.

**CONCLUSION**

Upon review, we affirm the summary dismissal of the petition for habeas corpus relief.

_____
CAMILLE R. McMULLEN, JUDGE

-7-